```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------

SIMON ZAROUR,
                     Plaintiff,         22-cv-4786 (JGK)

     - against -              MEMORANDUM OPINION
                                          AND ORDER
U.S. BANK NATIONAL ASSOCIATION, ET
AL.,
                     Defendants.

------------------------------------------------------------

**JOHN G. KOELTL**, District Judge:

    The pro se plaintiff, Simon Zarour, brought this action against the defendants, U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass-through Certificates, Series 2006-AMC-1 ("U.S. Bank"), and Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-3, Mortgage-Backed Pass-Through Certificates Series 2007-3 ("Deutsche Bank"). Zarour alleges that the defendants submitted inadequate and incomplete documentation in connection with the defendants' successful motion to dismiss a bankruptcy proceeding brought by Zarour. The defendants now move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Because the Court does not have subject matter jurisdiction over this action, the defendants' motion to dismiss is **granted.**

I.

When presented with motions to dismiss under Rules 12(b)(1) and 12(b)(6), the first issue is whether the Court has subject matter jurisdiction. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).[1]

The plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In considering a motion to dismiss for lack of subject matter jurisdiction, the Court generally must accept as true the material factual allegations in the complaint, J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004), but the Court does not draw all reasonable inferences in the plaintiff's favor, Graham v. Select Portfolio Servicing, Inc., 156 F. Supp. 3d 491, 499 (S.D.N.Y. 2016). Where jurisdictional facts are disputed, the Court may consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists. APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003).

The pleadings and allegations of a pro se plaintiff must be construed liberally and interpreted to "raise the strongest

---

[1] Unless otherwise indicated, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and quotation marks in quoted text.

2

arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). A court must also deem a pro se plaintiff's complaint to include the facts contained in any submissions filed by the plaintiff in response to a motion to dismiss. Le Grand v. Evan, 702 F.2d 415, 416 n.3 (2d Cir. 1983).

## II.

This action arises from the foreclosure of two properties, one in Lyndhurst, New Jersey, the other in Fair Lawn, New Jersey. In May 2006, Zarour borrowed $378,000 from Argent Mortgage Company, LLC ("Argent"), signed a promissory note, and executed a mortgage on the Lyndhurst property in favor of Argent (the "Lyndhurst Mortgage"). See Decl. of Brett L. Messinger ("Messinger Decl."), ECF No. 4, at ¶ 5-6.[2] In August 2008, Zarour defaulted on the Lyndhurst Mortgage. ECF No. 4-6, at 3. In 2014, Argent assigned the Lyndhurst Mortgage to U.S. Bank, which filed a foreclosure action against Zarour in the Superior Court of New Jersey, Chancery Division. Messinger Decl. ¶ 8. Zarour answered U.S. Bank's complaint, arguing that U.S. Bank could not bring a foreclosure action against him because U.S. Bank "did not plea[d] that it [was] in possession of the original Note and

---

[2] Unless otherwise indicated, all citations to ECF entries in this Memorandum Opinion and Order refer to entries on the docket in Case No. 22-cv-4786.

3

Mortgage." ECF No. 4-5, at 4-5. The state court rejected Zarour's arguments and concluded that U.S. Bank "demonstrate[d] its right to foreclose" because, among other things, "[t]his mortgage was assigned to U.S. Bank, NA by assignment dated February 20, 2014." ECF No. 4-6, at 3. The state court later entered final judgment against Zarour for $725,662.43, plus interest. Messinger Decl. ¶ 11.

Similar events transpired around the property in Fair Lawn. In March 2007, Zarour borrowed $332,240 from American Brokers Conduit ("American Brokers"), signed a promissory note, and executed a mortgage on the Fair Lawn property in favor of American Brokers (the "Fair Lawn Mortgage"). Id. ¶ 12. In July 2011, American Brokers assigned the Fair Lawn Mortgage to Deutsche Bank. Id. ¶ 14. In September 2015, after Zarour defaulted on the Fair Lawn Mortgage, Deutsche Bank filed a foreclosure action against Zarour in the Superior Court of New Jersey, Chancery Division. Id. ¶ 15. Zarour argued that Deutsche Bank could not bring a foreclosure action against him because Deutsche Bank "did not plead having possession of the . . . original note." ECF No. 4-12, at 6. The state court ruled that Deutsche Bank "demonstrate[d] standing by both a valid assignment of Mortgage pre-dating the complaint," by "certifying to possession of the Note and providing a copy of the Note," and by "present[ing] evidence of the recorded

4

Mortgage before the foreclosure complaint was filed." ECF No. 4-13, at 4. On May 12, 2017, the state court entered final judgment against Zarour for $653,319.27 plus interest. Messinger Decl. ¶ 18. The Fair Lawn property was later sold at a foreclosure sale. Id. ¶ 19.

On March 12, 2018, Zarour filed a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Southern District of New York. Id. ¶ 20. In January 2021, U.S. Bank and Deutsche Bank moved to dismiss the bankruptcy. See ECF No. 4-15. On February 22, 2021, the bankruptcy court dismissed Zarour's bankruptcy for cause pursuant to 11 U.S.C. § 1112 for failure to timely submit monthly operating records. See 11 U.S.C. § 1112(b)(1) (allowing a bankruptcy court, "on request of a party in interest, and after notice and a hearing," to "dismiss a case . . . for cause"); id. § 1112(b)(4)(F) (defining "cause" to include "unexcused failure to satisfy timely any filing or reporting requirement" under Chapter 11). See also ECF No. 4-15.

On August 18, 2021, Zarour appealed the bankruptcy court's order to the United States District Court for the Southern District of New York, principally reiterating his arguments that U.S. Bank and Deutsche Bank lacked standing to contest his bankruptcy. See In re Zarour, No. 21-cv-6967, ECF Nos. 1, 3. On November 28, 2021, Zarour submitted a letter to the district court purporting to "dismiss the appeal" of the bankruptcy

5

court's order, on the basis that "the standing issue of [U.S. Bank and Deutsche Bank] with respect to the enforcement of the mortgage issues would not be resolved" in an appeal of the bankruptcy court's order. No. 21-cv-6967, ECF No. 21, at 2-3. The letter indicated Zarour's hope that he "will be permitted to file an adversary complaint or go forward in District Court." Id. at 3. After U.S. Bank and Deutsche Bank consented to dismissal of the appeal, the district court construed Zarour's request as a motion to dismiss "on terms agreed to by the parties" under Federal Rule of Bankruptcy Procedure 8023 and granted the motion, but the court took no position on Zarour's ability to "file an adversary complaint or go forward in District Court." No. 21-cv-6967, ECF No. 25.

On June 2, 2022, Zarour filed the complaint in this action. The complaint alleges that U.S. Bank and Deutsche Bank submitted "inadequate/incomplete documentation" to the bankruptcy court and that the bankruptcy court improperly relied on this documentation in dismissing Zarour's bankruptcy, which allegedly "resulted in [Zarour's] properties . . . being scheduled for being sold unlawfully." Complaint, ECF No. 1, at 5. Zarour alleges that the defendants "did not and do not have standing to move against him" in the bankruptcy because they had not been properly assigned the underlying mortgages. Id. at 5-6. Zarour asks this Court "to find that the ruling by the Bankruptcy Court

was and is void" and to award him "the value of the loss of properties" through foreclosure, among other relief. Id. at 6.

The defendants now move to dismiss Zarour's complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine and for failure to state a claim under the doctrines of res judicata and collateral estoppel.

### III.

Under the Rooker-Feldman doctrine, a federal district court does not have subject matter jurisdiction over a case that seeks to reverse or modify a state court decision, or a case in which the federal claims presented are "inextricably intertwined" with the merits of a state court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 286 (2005). The Court of Appeals for the Second Circuit has articulated four requirements for the application of the Rooker-Feldman doctrine: (1) the federal-court plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by a state-court judgment, (3) the plaintiff must invite district court review and rejection of that judgment, and (4) the state-court judgment must have been rendered before the district court proceedings commenced. Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

The Rooker-Feldman doctrine bars the Court from exercising jurisdiction over this action. "Courts in this Circuit have

7

consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine." Webster v. Wells Fargo Bank, N.A., No. 08-cv-10145, 2009 WL 5178654, at *5 (S.D.N.Y. Dec. 29, 2009), aff'd sub nom. Webster v. Penzetta, 458 F. App'x 23 (2d Cir. 2012). In this case, Zarour lost his foreclosure actions in New Jersey state courts, and the judgments in those cases were rendered well before the proceedings in this action began. Now, however, Zarour complains of injuries caused by those state-court judgments, and Zarour invites this Court to review and reject those foreclosure judgments and to award him damages, including for the value of the properties sold after foreclosure. Through these allegations and requests, Zarour expressly challenges the final judgments entered by the state courts. The Rooker-Feldman doctrine therefore bars his claims.

Zarour argues that the Rooker-Feldman doctrine does not apply because he seeks review only of "the misrepresentation by [the defendants] in the bankruptcy court." ECF No. 15, at 5. But a "claim is inextricably intertwined with the merits of [a] state court judgment," and is therefore barred, if "adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void." Kropelnicki v. Siegel, 290 F.3d 118, 129 (2d Cir. 2002). Although Zarour styles his complaint as challenging only a

8

Bankruptcy Court determination, many of Zarour's allegations of fraud "involve . . . acts that were associated with the state foreclosure proceeding[s]." Swiatkowski v. Citibank, 745 F. Supp. 2d 150, 165 (E.D.N.Y. 2010). Zarour's principal contention is that the defendants were never properly assigned the Lyndhurst and Fair Lawn Mortgages, and the damages Zarour seeks stem from the allegedly unlawful foreclosures. In short, the state court judgments caused Zarour's injuries. Granting Zarour relief in this case therefore would require declaring that the state court judgments were fraudulently procured. "This is precisely the result that the Rooker-Feldman doctrine seeks to avoid." Kropelnicki, 290 F.3d at 129.

Because the complaint "effectively challenge[s] state court judgments," id. at 128, the Court lacks subject matter jurisdiction over this action and the complaint must be dismissed. It is unnecessary to consider the defendants' alternative argument that the complaint must be dismissed under the doctrines of res judicata and collateral estoppel.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendants' motion to dismiss for lack of subject matter jurisdiction is **granted.** Zarour's claims are **dismissed without**

**prejudice.** The Clerk is directed to close this case and all pending motions. All conferences are canceled. The Clerk is also directed to send a copy of this Memorandum Opinion & Order to the pro se plaintiff and to note service on the docket.

SO ORDERED.

Dated:   New York, New York
         November 9, 2022

                                    _____
                                         John G. Koeltl
                                    United States District Judge