```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

SIMON ZAROUR,

                      Plaintiff,                22-cv-4786 (JGK)

      - against -                      ORDER

U.S. BANK NATIONAL ASSOCIATION, ET AL.,

                      Defendants.

**JOHN G. KOELTL, District Judge:**

On November 9, 2022, the Court granted the defendants' motion to dismiss the Complaint in this case for lack of subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine. Zarour v. U.S. Bank Nat'l Ass'n, No. 22-cv-4786, 2022 WL 16836999, at *3 (S.D.N.Y. Nov. 9, 2022). The November 9 ruling dismissed without prejudice the claims of Simon Zarour, the pro se plaintiff, and closed this case. Id.

Zarour purported to file an amended complaint on December 11, 2022, ECF No. 19, and a second amended complaint on February 21, 2023, ECF No. 20.[1] On March 23, 2023, after the Clerk's Office advised him that he could not file subsequent complaints because the case had been closed, Zarour filed a "Notice of Motion Requesting Reopening of Case Pursuant to FRCP Rule 60(b)." ECF No. 21 at 7. Through his Rule 60(b) motion, Zarour

---

[1] Zarour did not appeal the November 9 ruling, and the time for Zarour to do so has long since passed. See Fed. R. App. P. 4(a)(1)(A) (stating that in a civil case, the notice of appeal generally "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from").

asks the Court to reopen the case so it can rule on a separate motion, which Zarour seeks to bring under Rule 60(a) of the Federal Rules of Civil Procedure, asserting that the Court made a "clerical mistake or oversight" in dismissing the Complaint without prejudice while simultaneously closing the case. ECF No. 21 at 10; see also Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.").[2]

Zarour's motion to reopen is **denied**. "Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Kemp v. United States, 142 S. Ct. 1856, 1861 (2022). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Zarour brings his motion to reopen under Rule 60(b)(1), which allows relief for "mistake, inadvertence, surprise, or excusable neglect," and under Rule 60(b)(6), for "any other reason that justifies relief." But the Court made no mistake in dismissing the Complaint without prejudice and closing the case, and Zarour has articulated no other basis for relief. The Complaint was

---

[2] Unless otherwise noted, this Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

dismissed without prejudice because "the Rooker-Feldman doctrine implicates federal courts' subject matter jurisdiction, rather than the substantive merits of a case," and "where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." Charles v. Levitt, 716 F. App'x 18, 22 (2d Cir. 2017). Courts routinely dismiss complaints pursuant to the Rooker-Feldman doctrine without prejudice and close the cases. See, e.g., Zapotocky v. CIT Bank, N.A., 587 B.R. 589, 598 (S.D.N.Y. 2018); Chery v. Nationstar Mortg. LLC, No. 18-cv-1240, 2018 WL 3708664, at *3-4, *6 (S.D.N.Y. Aug. 2, 2018).

As Zarour correctly recognizes, the fact that the Complaint was dismissed without prejudice means that the Court's November 9 ruling has no preclusive effect on subsequent claims Zarour may bring. See Camarano v. Irvin, 98 F.3d 44, 47 (2d Cir. 1996) ("It is well established that a dismissal without prejudice has no res judicata effect on a subsequent claim."). But because the November 9 ruling closed this case, Zarour must bring any such claims in a new action. If that is Zarour's intention, the Court strongly urges him first to consult with the New York Legal Assistance Group ("NYLAG"), which provides free legal advice and assistance to pro se litigants. NYLAG may be able to assist Zarour in assessing the viability of any future actions Zarour may wish to bring arising from the underlying events in this

long-running dispute. An informational flyer regarding NYLAG is attached to this Order.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, Zarour's Rule 60(b) motion is **denied**.[3] The Clerk is directed to close ECF No. 21. The Clerk is also directed to send a copy of this Order to the pro se plaintiff and to note service on the docket.

**SO ORDERED.**

Dated:     New York, New York
           **April 26, 2023**

                                              [signature]
                                              John G. Koeltl
                                              United States District Judge

---

[3] Because the Court does not grant the Rule 60(b) motion, there is no occasion to reach the Rule 60(a) motion. In any event, the Court would deny the Rule 60(a) motion for the same reason it denies the Rule 60(b) motion: the Court made no clerical mistake or oversight in dismissing the Complaint without prejudice while simultaneously closing the case.

4



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

>    Room LL22
>    40 Foley Square
>    New York, NY 10007
>    (212) 659 6190
>
>    Open weekdays
>    10 a.m. – 4 p.m.
>    Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



a beneficiary of
UJA Federation
of New York